UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6229-CR-FERGUSON
MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULLIET ROSEMARIE MURRAY,

    Defendant.
_____/

## SENTENCING MEMORANDUM

Juliette Rosemarie Murray ("Murray"), through counsel, respectfully submits the following memorandum of law in support of her objection to the Presentence Investigation Report prepared in this case.

### DOWNWARD DEPARTURE

This case is unique in that Murray is being prosecuted in both the Federal and State Courts for basically the same type of offense. As reflected in the P.S.I., pages 8 and 9, Murray's only previous convictions were consolidated for sentencing on July 20, 2000, whereby she received one year community control and four years probation consecutive to the community control. Those events took place in the summer of 1999, the arrests were in February and March of 2000, and all related to the criminal use of personal information and theft. The instant case took place during December, 1999, to April, 2000, and related to the criminal use of personal information and theft; basically the same offense.

Additionally, Murray was arrested on the instant charges on September 12, 2000, only two months after her sentence in State Court. The information of her "Federal" offense was available to the State Court authorities, however they chose not to add them to those charges. Besides the appearance of forum shopping, possibly because the State authorities felt that Murray did not receive a high enough sentence in State Court, it also violates the spirit, in not the letter, of the <u>Petit</u> policy which prohibits the Federal Government from prosecuting someone in both State and Federal Court for the same occurrence without the specific approval of the Attorney General of the United States.

This court has the authority to depart in any case not falling within the "'heartland', a set of typical cases embodying the conduct that each guideline describes" which were "carved out" by the Sentencing Commission. U.S.S.G. Introduction, p.6, Ch. 1, Pt. A, § 4(b).

> "When the court finds an atypical case . . . the court may consider whether a departure is authorized . . . the Commission does not intend to limit the kinds of factors, whether or not mentioned elsewhere in the guidelines, that could constitute grounds for the departure in the unusual case." <u>Id</u>. at 5.

Both Congress and the Sentencing Commission agreed there would be times when various factors about a defendant would make a particular sentence inappropriate. Thereafter, both Congress and the Sentencing Commission set out factors which, if substantially different than the normal or "heartland" case should be considered as a basis for a downward departure from the usually appropriate range. U.S.S.G. Introduction, p.6, Ch. 1, Pt. A, § 4(b), and 18 U.S.C. § 3553(b). The guidelines provide:

> The sentencing statute permits a court to depart from a guideline-specific sentence . . . when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

2

> consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

The United States Supreme Court addressed the issue of guideline departures in *Koon v. United States*, 116 S.Ct. 2035 (1996), by clarifying and reemphasizing that sentencing courts have broad discretion to tailor appropriate sentences to the facts of a particular case. This case is unique, unusual and outside the "heartland" such that a departure is warranted. Murray could have been prosecuted for this offense as a part of the State Court prosecution. Their decision to prosecute her in Federal Court does appear to be both forum shopping and blatantly unfair.

Wherefore, Murray requests that she receive a departure from the applicable guideline range for conduct outside the "heartland".

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ⎯2⎯ day of January, 2001 to Jeffrey Kay, Esquire, United States Attorney's Office, 299 E. Broward Blvd , Fort Lauderdale, Florida 33301 and to Georgann Stanley, United States Probation Office, 299 East Broward Blvd., Ft. Lauderdale, Florida 33301.

Samuel J. Smargon

S:\SMARGON\Murray\sentenc mem.wpd