UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6229-CR-FERGUSON.



UNITED STATES OF AMERICA
Plaintiff

v.

JULIET ROSEMARIE MURRAY
Defendant.

### DEFENDANT'S MOTION TO VACATE GUILTY PLEA INCORPORATING MEMORANDUM OF LAW.

COMES NOW the Defendant Juliet Rosemarie Murray by and through the undersigned Attorney and files this Motion to Vacate Guilty Plea and states:

1. Defendant was charged on an indictment which charged 15 counts of bank fraud in violation of 18 U.S.C. 344.

2. Defendant entered into a Plea Agreement with the Government on October 3, 2000 whereby the Defendant agreed to enter a Plea of Guilty to one count indictment that alleged the amount of loss to be less than $63,000.00.



3. Defendant entered a plea of guilty to the said one count of the indictment on November 16, 2000 and was sentenced on January 26, 2001.

4. Defendant had previously been charged and convicted in the State Court of Broward County, Florida on Information:
    (a) 99-22816 CF 10A for making false financial statements;
    (b) 00-4988 CF 10A for criminal use of personal identification and Grand Theft of an automobile;
    (c) 00-6445 CF 10A for criminal use of personal identification and Grand Theft;

and received sentences in respect of these convictions.

5. The count of the Federal Indictment to which the Defendant entered the plea of Guilty was related to the State offenses and covered the same field as the offenses charged in the State Information referred to above.

6. During the investigation of the State Offenses the Federal Postal Inspector was present and participated in the investigation.

7. The prosecution was then truncated so that the offenses that were alleged against the Defendant were first prosecuted in the State Court and then on the same facts the case was brought in the Federal Court in violation of the Fifth Amendment of the Constitution of the United States. The Government provided no evidence that the Federal Prosecution was with the consent of the Attorney General of the United States.

8. The Defendant raised the issue of double jeopardy at the sentencing which is evidenced by references by the US Probation Officer in the Addendum to the Presentence Investigation Report.

9. The Fifth Amendment protects a defendant from a second prosecution after conviction for the same offense. **Downum v. United States**, (1963) 372 US 734. A defendant does not waive his right to former jeopardy, after the court has rejected the double jeopardy claim, by

pleading guilty after the advice of counsel. **Menna v. New York** (1975) 425 US 61, 46 L. Ed. 2d. 195, 96 S. Ct. 241.

10. The conviction and sentence of the Defendant were in violation of the Constitution of the United States.

WHEREFORE the Defendant respectfully requests that the Motion be Granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by US Mail to Jeffrey Kay, Esq., Assistant United States Attorney, 500 East Broward Boulevard, 7th Floor, Ft. Lauderdale, FL 33194 this 19th day of July, 2001.

*David Rowe*

DAVID P. ROWE, ESQ.,
Fla Bar No. 373575
18800 NW 2nd Ave., # 105A,
Miami, FL 33169
(305) 653-6900; (305) 770-2119
Fax: (305) 651-3666; (305) 770-2120