JHK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6229-CR-FERGUSON

UNITED STATES OF AMERICA,    :

    PLAINTIFF,    :

v.    :

JULIET MURRAY,    :

    DEFENDANT.    :

GOVERNMENTS' RESPONSE TO DEFENDANTS'
MOTION TO VACATE GUILTY PLEA

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully files his short response to the Defendants Motion to Vacate her Guilty Plea.[1] The defendants Motion is incorrect on several issues which we outline for the court as follows:

1.    The defendant was not charged with 15 counts of 18 U.S.C. 344 but 18 U.S.C. 1344.

2.    The defendant did plead guilty in Broward County State Court to offenses being investigated by Det. Mike Scott of the Plantation Police Department with the help of a Postal

---

[1] The Court supplied the Government a copy of the motion via fax on August 27, 2001. It was never received before in this office.

1

Inspector.

3.  The charges defendant Murray pled to in state court had to do with fraud involving two car dealerships according to Det. Mike Scott, as cited in defendants paragraph number 4.

4.  The federal charges to which defendant Murray pled to before this court had to do with her job at the bank and not with the car dealership frauds. The Government has asked Det. Scott to obtain copies of the state charges and what defendant Murray pled to and they will be supplied to the Court as soon as received.

5.  The fact the case was a joint investigation between the Plantation Police Department and the Postal Inspectors is irrelevant.

6.  Since the offenses are not the same offense she pled to in state court, plus those are two separate sovereigns, the State of Florida and the United States of America, the defendant Murray was not subject to the same offense twice, which would be double jeopardy. Jeffers v. U.S., 432 U.S. 1345 (1977); Ohio v. Johnson, 467 U.S. 493 (1985); North Carolina v. Pearce, 395 U.S. 711 (1969).

7.  The double jeopardy clause does not prohibit prosecution by a state merely because the accused has been convicted or acquitted of the identical offense by a federal court or vice a versa. U.S. v. Wheeler, 435 U.S. 313 (1978), which is not even the case here.

8.  The defendant in his paragraph 7 alludes to some issue of consent of the Attorney General of the United States. It was not required in this case as there were different violations at different times. Secondly, if the defendant is referring to the Petite Policy as found in Petite v. U.S., 361 U.S. 529 (1960) and in the U.S. Attorneys Manual at Section 9-2.031 his interpretation

2

is wrong. The internal Department of Justice policy under the Petite Policy is simply that policy of the Department of Justice, to which the defendant is not a party and has no rights.

## CONCLUSION

Defendant Murray pled guilty knowingly and freely to a federal charge which was not the same charge she pled guilty to in state court. There is no double jeopardy argument nor is there a violation of the Petite Policy or violation of a second prosecution for the same charges.

Defendant Murray's plea of guilty should not be vacated for any of the reasons claimed by defense counsel.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

JEFFREY H. KAY
ASSISTANT U.S. ATTORNEY
FLA BAR NO. 208035
500 E. Broward Blvd., 7th flr
Ft. Lauderdale, Fl 33394
(954) 356-7255
(954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this *27* day of August, 2001, to David P. Rowe, Esq., 18800 NW 2nd Avenue, No. 105A, Miami, Florida 33169.

*[signature]*

JEFFREY H. KAY
ASSISTANT U.S. ATTORNEY

3